AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 1616, and James R. Dorcy, on behalf of himself and all others similarly situated, Plaintiffs-Appellants,

v.

David N. ILCHERT, District Director, United States Immigration and Naturalization Service; Ed O'Connor, Regional Commissioner, Western Region, United States Immigration and Naturalization Service; Leonard F. Chapman, Commissioner, United States Immigration and Naturalization Service, Defendants-Appellees.

No. 77–3467.

United States Court of Appeals, Ninth Circuit.

May 15, 1980.

Rehearing Denied June 13, 1980.

Steven M. Kipperman, Kipperman, Shawn, Keker & Brockett, San Francisco, Cal., for plaintiffs-appellants.

Patrick R. S. Bupara, Asst. U. S. Atty., San Francisco, Cal., argued, for defendants-appellees; Robert S. Mueller, III, Asst. U. S. Atty., San Francisco, Cal., on brief.

Before CHOY and GOODWIN, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

The American Federation of Government Employees (AFGE) and James R. Dorcy appeal from a judgment affirming an Immigration and Naturalization Service (INS) regulation, Administrative Manual ¶ 2818.-04.2a [1] and an INS interpretation of section

---

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Paragraph 2818.04.2a of the Administrative Manual provides:

  Where Sunday or holiday duty is to be performed, whether or not of the exempt class, immigration officers shall be assigned to perform for eight hours on such days, and to the maximum extent possible, they shall perform duties in connection with inspection of arrivals. Inspection duties in connection with departure control, etc., or office duties may be assigned to such immigration officers during otherwise idle time in order to provide for a full day's work of eight hours.

1353a of Title 8, United States Code.[2] This regulation and this section required immigration officers who received premium pay for Sunday and holiday inspection service to perform non-inspection duties to complete an eight-hour shift on those days.

In 1931, Congress enacted section 1353a, which provides that immigration officers and employees shall receive two days' pay for inspection duties on Sundays and holidays. Under this section, immigration officers receive two days' pay regardless of the number of hours they work on Sundays or holidays. For example, an immigration officer who works only one hour on a Sunday is entitled to the same pay as an officer who works a full eight-hour shift on a Sunday.

In 1959, the INS issued its regulation ¶ 2818.04.2a, which requires immigration officers working on Sundays or holidays to complete a full eight-hour shift. It recites that INS officers shall perform inspection duties to "the maximum extent possible . . . ." and that when they complete inspection duties they will be assigned other duties.

James Dorcy, an immigration officer, and his labor union, the AFGE, brought a class action on behalf of other immigration officers to require the INS to release them after they complete their Sunday or holiday inspection duties. In the alternative, they seek premium pay (time and a half) for the hours spent in non-inspection work; this, in addition to the two days' pay they receive for their inspection work on Sundays or holidays.

Section 1353a was added in 1931 to eliminate a disparity in pay between customs officials and immigration officers. Customs officials have received two days' pay for Sunday and holiday inspection duty since 1911, 19 U.S.C. § 267, and they are released after they complete their inspection duties.

The AFGE contends that the INS regulation which requires immigration officers to work a full eight-hour shift on Sundays and holidays is contrary to the provisions of section 1353a because that section deals only with overtime compensation for inspection services. These services are performed for incoming carriers from foreign ports, and the AFGE asserts that immigration officers, like customs officials, should be released from work after they complete their inspection duties.

Congress enacted section 1353a to eliminate pay disparities between immigration and customs personnel. But nothing in the language or legislative history of that statute or of 19 U.S.C. § 267 demonstrates that Congress intended to limit the hours or duties performed by either immigration officers or customs officials.

The AFGE also contends that a major purpose of section 1353a was to reduce the hours which immigration employees were required to work. Carriers which arrived on Sundays and holidays were charged additional fees for the premium pay INS gave its immigration officers. These additional fees were designed to encourage carriers to refrain from scheduling their ships for Sunday and holiday arrivals. 8 U.S.C. § 1353b. Air travel has now largely displaced steamship travel and Congress has eliminated additional fees for the airlines because public convenience is served by Sunday arrivals. The district court correctly deemphasized the legislative policy of section 1353.

█ We hold that the INS regulation requiring immigration officials to perform non-inspection duties to complete an eight-hour shift on Sundays and holidays does not conflict with section 1353a.

2. Section 1353a of Title 8, United States Code, provides in pertinent part:

The Attorney General shall fix a reasonable rate of extra compensation for overtime services of immigration officers and employees . . . who may be required to remain on duty [at night-time], or on Sundays or holidays, to perform duties in connection with the examination and landing of passengers and crews of steamships, trains, airplanes, or other vehicles, arriving in the United States from a foreign port by water, land, or air, such rates to be fixed on a basis of . . . two additional days' pay for Sunday and holiday duty . . . .

As an alternative contention, the AFGE contends that if the INS is entitled to assign non-inspection work to immigration officers they must be paid time and a half in addition to the two days' pay required by section 1353a. Section 5542(a) of Title 5, United States Code, requires that employees receive time and a half for work in excess of 40 hours in a workweek. But section 5549 of Title 5 provides:

This subchapter does not prevent payment for overtime service or for Sunday or holiday work under . . . [8 U.S.C. § 1353a] . . . However, an employee may not receive premium pay under this subchapter for the same services for which he is paid under one of these statutes.

■ Under section 1353a, immigration officers, whether they perform inspection or both inspection and non-inspection duties, receive premium pay. If an immigration officer is paid time and a half for non-inspection duties on a Sunday or holiday in addition to two days' pay for inspection work, he would be paid twice for all of the non-inspection work he performed. In fact, he would be paid three and one half times his regular rate of pay for such work. This is contrary to the intent of Congress and would violate the provisions of both sections 5549 & 5542(a) which were designed to prevent an employee from being paid twice for the same time. In addition, he would be favored over other employees who are required to perform only inspection duties for a full eight hours on a Sunday or holiday.

There is no merit in this contention.

AFFIRMED.